## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| DawnMarie Owens, <br><br> Plaintiff, <br> v. <br><br> Global Acceptance Credit Company ; and DOES 1-10, inclusive, <br><br> Defendant. | Civil Action No.: _____ <br><br><br> **COMPLAINT** |

For this Complaint, the Plaintiff, DawnMarie Owens, by undersigned counsel, states as follows:

### JURISDICTION

1.  This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in the U.S. District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Hampshire.

### PARTIES

4.  The Plaintiff, DawnMarie Owens ("Plaintiff"), is an adult individual residing in Derry, New Hampshire, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.  Defendant Global Acceptance Credit Company ("Global"), is a Texas business entity with an address of 5850 Interstate 20 W, Suite 100, Arlington, Texas 76017-1071, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Global and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Global at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Global for collection, or Global was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Global Engages in Harassment and Abusive Tactics

## FACTS

12. Within the last year, Global began placing calls to Plaintiff in an attempt to collect the Debt.

13. At one point, Global began placing several calls a day to Plaintiff, within rapid succession of one another.

14. Plaintiff verbally requested that Global cease placing calls to her.

15. Global failed to tell Plaintiff that she would have to request that it cease calling her in writing.

16. Instead, Global responded by stating, "I can call you as many times as I want until [the Debt] is paid."

17. When Plaintiff advised Global that there are limits under the law restricting how often a debt collector contacts a consumer, Global responded, "Look honey, I know what I'm saying."

18. Plaintiff told Global that she would not be able to pay the debt though any arrangement that was previously made and Global indicated that they would put notes in the plaintiff's file to memorialize the fact that she could no longer abide by the previous payment arrangement.

19. Global's callers confirmed to the plaintiff that they did not indeed have notes in the file indicating that she couldn't abide by the prior arrangement.

C. **Plaintiff Suffered Actual Damages**

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff. The Defendant knew that the time to contact her was inconvenient to her because she told the caller that she did not want to be called anymore, and that she had already spoken with someone earlier that day.

25. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

26. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass. Defendant called the plaintiff with knowledge that she had spoken to another, or the same caller, earlier that day, and that the plaintiff did not intend to pay the debt at the time either call was made. The calls were made in succession of each other and close proximity of each other and with knowledge that the only result of the calls would be harassment of the plaintiff because the defendant knew that the plaintiff couldn't pay the debt at that time they made the subsequent calls. Furthermore, the defendant stated to the plaintiff their deliberate intention to continue to call her successively simply because they wanted to prove to her that they could, and not for any allowed purpose under the law as it was related to collecting the debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt. The defendant indicated that they could contact her as many times as they wanted despite her requests for them to stop calling her. The

defendant falsely represented to the defendant that she had to endure their successive harassing calls.

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATIONS OF NEW HAMPSHIRE'S UNFAIR, DECEPTIVE OR UNREASONABLE COLLECTION PRACTICES ACT, 358-C, et seq.

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set herein at length.

31. The Debt arose from a credit transaction for family, household or personal purposes and meets the definition of a "consumer credit transaction" under RSA 358-C:1, II.

32. The Plaintiff is a "consumer" under RSA 358-C:1, I.

33. The Defendants are "debt collector[s]" as defined by RSA 358-C:1, VIII.

34. The Defendants' conduct violated RSA 358-C:3 (I)(a) in that Defendants caused the Plaintiff's phone to ring repeatedly and engaged the Plaintiff in telephone conversations at unusual or inconvenient times with the intent to abuse, oppress or harass.

35. The Defendants' conduct violated RSA 358-C:3, I(b) in that Defendants used profane, obscene and vulgar language when speaking with the Plaintiff.

36. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the RSA 358-C, including every one of the above-cited provisions.

37. The Plaintiff is entitled to damages as a result of Defendants' violations.

38. Pursuant to RSA 358-C:4, the Plaintiff is entitled to statutory damages in the amount of $200 for each violation of RSA-C:3, and reasonable attorney's fees and cost.

## COUNT III
## VIOLATIONS OF NEW HAMPSHIRE'S REGULATIONS OF BUSINESS PRACTICES FOR CONSUMER PROTECTION ACT, 358-A:10, et seq.

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

40. RSA 358-C:4, VI provides that violations of New Hampshire's Unfair Collection Practices Act, RSA 358-C, et seq., constitute an unfair and deceptive act or practice under RSA 358-A:2.

41. The above violations of RSA 358-C are each violations of RSA 358-A:2.

42. Therefore, pursuant to RSA 358-A:10, the Plaintiff is entitled to statutory damages of at least $1,000 and as much as $3,000, plus costs for each violation for RSA 358-C.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), RSA 358-C:4 and RSA 358-A:10;

4. Statutory damages pursuant to RSA 358-C:4;

5. Statutory damages pursuant to RSA 358-A:10;

6. Punitive damages; and

7. Such other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 12, 2011

        Respectfully submitted,

        By ___/s/ James D. Kelly_____

        James D. Kelly, Esq. (BNH 16177)
        Getman, Schulthess & Steere
        3 Executive Park Drive, Suite 9
        Bedford, NH 03110
        (603) 634-4300

        **Of Counsel to**
        Lemberg & Associates, LLC
        1100 Summer Street
        Stamford, CT 06905
        (203) 653-2250